I respectfully dissent from the majority opinion. In the first assignment of error, Mercado argues that there is insufficient evidence to support her conviction for inciting to violence. The majority has attributed three statements to Mercado on which they base their finding of culpable behavior. First, they note Mercado's statement to Justin Stanley that the Detroit boys were "messing" with his brother, and that his brother was arrested by the police on an outstanding arrest warrant. This appears to have been an accurate factual statement and I find no criminal culpability there. The other two statements were *Page 25 
something like "get those mother f***ers" and "go get `em." Neither statement has been attributed to Mercado by any witness. The best that can be said is that the comments were made by a female; but there were several present and involved.
 {¶ 69} Furthermore, the State was required to prove that Mercado acted "knowingly" to urge or incite another to commit an offense of violence. R.C. 2917.01(A). The two offenses of violence alleged by the State and on which the trial court instructed the jury were felonious assault (cause physical harm by means of a deadly weapon), and discharging a firearm at or into an occupied structure. There is no evidence that Mercado knew that anyone involved possessed a firearm, or that she knowingly engaged in conduct designed to urge or incite anyone to use a deadly weapon for any purpose.
 {¶ 70} In the third assignment of error, Mercado argues that there is insufficient evidence to support her conviction for aggravated riot. In overruling this assignment, the majority has focused on the elements of the offense of disorderly conduct, and the fact that four or more others were involved. They fail to discuss that R.C. 2917.02(A)(2) requires the offender to act "with purpose to commit or facilitate the commission of any offense of violence." The offense of violence must be specified and proven, and the majority finds that the offense of violence in this case was felonious assault. However, the elements of felonious *Page 26 
assault are not mentioned, nor does the majority discuss Mercado's alleged purpose to commit or facilitate that specific offense. The offense of disorderly conduct requires only a degree of culpability of reckless, and the majority seems to focus on that lesser standard. Felonious assault requires a degree of culpability of knowingly. Again, this is a lesser degree of culpability than that required for aggravated riot. In this case, the State did not prove that Mercado acted with the specific purpose of committing or facilitating the offense of felonious assault and, without proof of that the degree of culpability, the offense of aggravated riot cannot stand.
 {¶ 71} In the fifth assignment of error, Mercado argues that there is insufficient evidence to support her conviction for the firearms specifications. Again I would agree. Of course, without the two underlying convictions, Mercado cannot be convicted of the specifications. But because the majority would affirm those convictions, further comment is necessary.
 {¶ 72} The majority has relied upon the offense of complicity to support the convictions for the firearm specifications. But again they have relied on the wrong degrees of culpability. In this case, the offense of complicity requires that the offender act with the kind of culpability required for the offense of felonious assault. R.C. 2923.03(A). There is no evidence that Mercado "knowingly" acted to aid and abet another to commit felonious assault by means of a deadly weapon. *Page 27 
 {¶ 73} Accordingly, I would sustain the first, third, and fifth assignments of error, find the remaining assignments to be moot, and I would reverse the convictions. *Page 1